# RESCRIPT OPINIONS.

Trust Insurance Company *vs.* Commissioner of Insurance. June 18, 1997. *Insurance,* Motor vehicle insurance, Rate setting. *Administrative Law,* Rate setting.

The plaintiff, Trust Insurance Company, appeals from a decision by the Commissioner of Insurance (commissioner) that adjusts future private passenger automobile insurance rates to account for consumers' overpayments of $176.4 million in premiums from 1991 to 1996. Following the issuance of the commissioner's decision, the plaintiff filed a complaint in the Supreme Judicial Court for Suffolk County. A single justice reported the case without decision for determination by the full court.

The facts giving rise to this appeal are set forth in *Automobile Insurers Bureau of Mass.* v. *Commissioner of Ins., ante* 262 (1997). The plaintiff challenges the commissioner's decision on an "as applied" basis, arguing that the imposition of a flat rate reduction on all insurers fails to take into account the effect of the plaintiff's changing market share as a newly licensed carrier of private passenger automobile insurance. Specifically, the plaintiff claims that because its market share increased during the period from 1991 to 1996, during which it received consumer overpayments, the rate reduction now causes the plaintiff to refund more than the amount it received in overpayments. The plaintiff did not request a hearing before the commissioner to present specific evidence regarding the changing market share issue, nor did it seek the opportunity to develop a factual record before the single justice. See G. L. c. 175, § 113B. The plaintiff relies solely on the administrative record developed before the commissioner during the ratemaking process. We conclude that the commissioner's actions under G. L. c. 175, § 113B, should be upheld. See *Automobile Insurers Bureau of Mass., supra.* We turn to the plaintiff's claim that the rate reduction is confiscatory as applied to the plaintiff.

"The plaintiffs bear the burden of demonstrating that the rates fixed deprive them of the opportunity to achieve a fair return and that these insufficient returns are directly attributable to the inadequacy of the rates set and not the result of other factors. . . . This court will not interfere with the exercise of the ratemaking power unless confiscation is clearly established on the record before us." (Citations omitted.) *Automobile Insurers Bureau of Mass.* v. *Commissioner of Ins.,* 420 Mass. 599, 611 (1995). The record presented to this court contains no evidence to support the plaintiff's assertion that the application of the rate reduction will deprive it of the opportunity to achieve a fair return. Instead, the plaintiff argues that the rate reduction is a fortiori confiscatory because of the plaintiff's changing market share over the term during which the excessive payments occurred. We disagree. It is entirely conceivable that if the plaintiff operates

efficiently, it could achieve a fair return, notwithstanding the rate reduction. We conclude that the plaintiff has failed to meet its burden.

Accordingly, we remand to the Supreme Judicial Court for Suffolk County for entry of a judgment declaring that on this record the 1997 rates fixed and established by the commissioner are not confiscatory as applied to Trust Insurance Company, and are adequate, just, and reasonable as required by G. L. c. 175, § 113B.

*So ordered.*

*Mitchell H. Kaplan* (*Andrew Feinberg* with him) for the plaintiff.
*Thomas O. Bean*, Assistant Attorney General, for the defendant.